**Bythal F. MAY, Plaintiff-Appellee,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellant.**

No. 76–3504
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1977.

Rehearing Denied July 20, 1977.

Wayman G. Sherrer, U. S. Atty., Charles A. Perry, Asst. U. S. Atty., Birmingham, Ala., William Kanter, Atty., Mark H. Gallant, Atty., Rex E. Lee, Asst. Atty. Gen., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Alvis E. Tidwell, Hamilton, Ala., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

This is a black lung case. The district court remanded it to the Secretary on the ground he had employed an incorrect legal standard. That decision must be reversed under our decision in *Ingram v. Califano*, 547 F.2d 904 (CA5, 1977).

Issues raised on this appeal other than the *Ingram* ruling that disability must be proved to have existed before July 1, 1973, should be addressed to the district court.

REVERSED and REMANDED.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

ON PETITION FOR REHEARING
PER CURIAM:

In our opinion of April 27, 1977, this court stated that at the district court level upon remand the appellee May was free to raise any issues, other than the *Ingram v. Califano,* 547 F.2d 904 (CA5, 1977), ruling that disability must be proved to have existed before July 1, 1973. As the government correctly points out, this includes whether the administrative law judge gave proper consideration to post-July 1, 1973, evidence as it relates back to any possible pre-existing condition.

The petition for rehearing is DENIED.